JOHN FRANCIS, Appellant, *v.* THE NEW YORK AND BROOKLYN ELEVATED RAILROAD COMPANY, Respondent.

Defendant transferred to plaintiff certain shares of its stock in payment for an easement in his premises granted by plaintiff to it. Plaintiff received a certificate for the stock, but afterward surrendered it to defendant and requested three new certificates to be issued one to each of his three infant children. The request was granted and the stock transferred on the company's books to the infants, plaintiff signing on the stock book receipts in the name of the children for the stock so issued to them; he kept the certificates, saying nothing to the children about the matter. Plaintiff subsequently seeking to rescind the contract on the ground of alleged fraud, tendered back the certificates, which defendant refused to receive. In an action to compel a cancellation of the grant it appeared said children were still infants. *Held,* that without regard to the question

as to whether, between plaintiff and his children, the gift of the stock was executed and complete, he having induced defendant to recognize and admit their ownership and so as against them being unable to deny it, could not rescind without a surrender of any claim on their part; that the return of the certificates would not restore defendant to its original possession; and so, that the action was not maintainable.

One of the parties to a contract cannot rescind unless he restores or offers to restore the other party to his original position, he cannot retain in himself or withhold through another any fruit of the contract.

(Argued December 9, 1887; decided January 17, 1888.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made September 30, 1885, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to compel the surrender and cancellation of record of a grant by plaintiff to defendant of an easement, *i. e.,* a right of way for its road over certain premises owned by plaintiff, on the ground of fraudulent representations which induced the grant.

Defendant, in payment for the grant, transferred to plaintiff certain shares of its stock and issued to him a certificate therefor. This certificate plaintiff subsequently returned and surrendered, with a request that defendant should issue to him in exchange therefor three certificates, aggregating the same number of shares, one to each of plaintiff's infant children. Said certificates were issued and delivered to plaintiff, who signed receipts therefor in the names of the children, and the proper transfers were made on defendant's book. Plaintiff claiming to rescind on the ground of the fraud, tendered back these certificates, which defendant refused to receive. The court found that the agreement to execute the grant and receive the stock in payment was induced by the fraudulent representations set forth in the complaint. The children were all infants at the time of the commencement of the action.

Further facts appear in the opinion.

*Wm. J. Gaynor* for appellant. Delivery is essential to constitute a valid gift. The delivery must be such as to vest the

donee with the control and dominion over the property and to absolutely divest the owner of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. The intent is a necessary element in the transaction. (*Jackson* v. *Twenty-third St. R. Co.,* 88 N. Y. 520–526; *Trow* v. *Shannon,* 78 id. 446; *Young* v. *Young,* 80 id. 442; *Curry* v. *Powers,* 70 id. 212; 4 Kent's Com. 439.) The question of delivery, or of the completion of a contemplated gift, or grant, is a question of fact; and even where one executes a deed or instrument of conveyance which is found with his papers after his death, no absolute presumption of delivery to or acceptance by the named grantee whether adult or infant, prevails, but the question of delivery and acceptance is still one of fact. (*Stilwell* v. *Hubbard,* 20 Wend. 43; *Church* v. *Gilman,* 15 id. 656; *Jackson* v. *Dunlap,* 1 J. Cas. 114; *Grangiac* v. *Arden,* 10 Johns. 293; 4 Kent's Com. 454 and *note; Jackson* v. *Brodie,* 20 Johns. 184.) The children of the plaintiff could not get the aid of a court of equity to compel the delivery of the certificates to them by the plaintiff. (*Curry* v. *Powers,* 70 N. Y. 212; *Young* v. *Young,* 80 id. 422.) The rule of law requring one who desires to recede from or abrogate a fraudulent transaction does not embrace a case where, by reason of the fraud itself, such a tender is impossible. (*Gould* v. *Cayuga B'k,* 99 N. Y. 333.) It does not lie with the defendant to say that what the plaintiff did by reason of *its* fraud is valid and real to it. (*People* v. *Fort Edward Bank,* 43 Hun, 607–609.)

*Robert Ludlow Fowler* for respondent. The order appealed from was right, because a tender back of the consideration received was an essential prerequisite to a suit to cancel plaintiff's conveyance. (*Bowen* v. *Mandeville,* 95 N. Y. 237, 240; *Cobb* v. *Hatfield,* 46 id. 533; *Western Bank of Scotland* v. *Addie,* L. R. [1 S. & D.], 165.) After Francis transferred the shares to his children on the defendant's books he had put it out of his power to rescind, even for fraud; his remedy was for damages only. (*Clarke* v. *Dickson,* 27 L. J. Q. B. 223;

*Banta* v. *Griffing,* 5 N. Y. Leg. Obs. 100; *Scovil* v. *Wait,* 54 N. Y. 650.) Transfer on the books *per se* divested Francis and invested the children. (*Holbrook* v. *N. J. Zinc Co.,* 57 N. Y. 616.) The certificates were only evidential, not conclusive. (*Williams* v. *W. U. T. Co.,* 9 Abb. N. C. 438; *Hawley* v. *Upton,* 102 U. S. 314, 317.) If retained by the plaintiff it would be presumed that he retained the certificates as the infants' trustee. (*Grangiac* v. *Arden,* 10 Johns. 293.) The transfer on the books was pursuant to a deliberate intent to benefit the children, and therefore constituted a good and irrevocable gift *inter vivos.* (*Martin* v. *Funk,* 75 N. Y. 134; *Willis* v. *Smyth,* 91 id. 297; *Davis* v. *Davis, Exr.,* 1 Nott & McCord, 225.) The fact that the transferees were infants did not render the transfer itself nugatory or incomplete until disaffirmed by them when *sui juris.* (*Lumsdon's Case,* L. R. 4 Ch. App. 31; *Spencer* v. *Carr,* 45 N. Y. 406; 17 Abb. N. C. 4.) The respondent is not confined in this court to the precise grounds of the decision below. (*Simar* v. *Canaday,* 53 N. Y. 298; *Krekeler* v. *Thaule,* 73 N. Y. 608.)

FINCH, J. The sole question in this case is whether the offer to return the stock certificates was sufficient to enable the plaintiff to rescind; and that inquiry turns in the end upon the effect of those certificates as a transfer of the stock. The certificates are not the stock, but the evidence of its ownership. When the plaintiff accepted the stock in consideration of the rights which he transferred, that stock became his, and the certificate given him was the company's acknowledgment of that ownership. After receiving it he could transfer the stock to whom he pleased. He did transfer it, formally, at least. He surrendered his certificate and requested the issue of three new certificates to his infant children, the eldest of whom was four years old, and the youngest, two months. His request was fulfilled. The stock was transferred on the corporate books to the infants, and the company's formal certificate of their ownership delivered to the plaintiff. Upon the stock book the plaintiff signed three several receipts in the name of

each of his children for the stock so issued to them, but says he kept the certificates in his safe and said nothing to the children about them. That he should thus take care of the certificates as their agent, as he had already so acted in signing their receipts, and should say nothing to them about the matter was a natural consequence of their tender age, and not at all inconsistent with a completed and perfected gift. But he says he did not give the stock to his children, and whether as between him and them the gift was executed and complete has been debated at the bar. We need not determine that question since at all events as between himself and the company he had induced the latter to recognize and admit the ownership of the children, and become unable as against them to deny that ownership. The transfer on the books of the company, and the issue of the new certificates, was a continuing affirmation by the corporation of ownership of the stock by the infants named in the certificates, and opened the door to an estoppel in behalf of claimants acting in good faith. The theory of a rescission is that the party proceeded against shall be restored to his original position. The plaintiff cannot rescind if he retains in himself or withholds through another any fruit of the contract. Here, as between the company and the infants, the latter had been vested with the title and the corporation *prima facie* put under a new duty or obligation to them. The surrender by the father of the three certificates might tend to prevent any transfer in good faith from the children, and make difficult an estoppel in behalf of others, and yet that the corporation is not restored to its original position is evident from the fact that if it accepted the tender made and restored what is now sought to be recovered it would still be exposed to a claim of the infants that the stock was theirs, and be compelled to bear the risk of the inquiry whether the gift was executed and complete, and would be exposed to litigation over that question and under circumstances in which the father, now unwilling to admit a gift, might become rather willing than otherwise and confess some intention or purpose

in that direction. That would be very far from restoring to the company its original position. He who would rescind must rescind wholly, and leave no right flowing from him outstanding which imperils the completeness of the rescission.

We are, therefore, of opinion that the case was properly decided and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.